IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

ISAIAH WILKINS, ET AL.,

        Plaintiffs-Appellees,

v.

PETE HEGSETH, ET AL.,

        Defendants-Appellants.

No. 24-2079

## MOTION TO MODIFY ORDER STAYING INJUNCTION

Pursuant to Federal Rule of Appellate Procedure Rule 27(a) and (b), Plaintiffs-Appellees respectfully move this Court to modify its December 9, 2025 order to stay only the award of universal injunctive relief, allowing the injunction in favor of the three individual Plaintiffs to remain in effect pending resolution of the appeal. *See* Dkt. 81.

The December 9 order—which the panel entered *sua sponte*—swept too broadly when it stayed the district court's injunction in its entirety. When the issue of a stay arose at oral argument, it was solely in the context of the universal injunctive relief extending beyond the three individual named Plaintiffs—a remedy that must now be reconsidered in light of *Trump v. CASA*, 606 U.S. 831 (2025). Plaintiffs'

1

counsel agreed to a stay of that broader relief, with the express understanding that the injunction would remain in effect as to the three individual Plaintiffs. *See* Oral Arg. at 37:52–38:44, 40:34–41:21. Counsel for Defendants—who have never sought a stay pending appeal—indicated the same understanding and did not object to keeping the injunction as to the individual Plaintiffs in effect pending this appeal. For these reasons and those discussed below, the Court should narrow its order to stay only the broader relief and reinstate the relief granted to the three individual Plaintiffs—relief that all parties agree fell comfortably within the remedial powers of the district court.

## DISCUSSION

1. On August 20, 2024, the Honorable Judge Leonie M. Brinkema of the Eastern District of Virginia granted Plaintiffs' Cross-Motion for Summary Judgment and entered injunctive relief. JA1032, JA1070. The district court's remedial order had three parts, two of which are relevant here.

2. First, the district court enjoined the Secretary of Defense and the Secretary of the Army from "denying plaintiffs Isaiah Wilkins, Carol Coe, and Natalie Noe, and any other similarly situated

2

asymptomatic HIV-positive individual with an undetectable viral load, accession into the United States military based on their HIV status." JA1070.

3. Second, the district court enjoined the Secretary of Defense and the Secretary of the Army from "enforcing the HIV-specific provisions of their policies and regulations barring asymptomatic HIV-positive individuals with undetectable viral loads from accession[.]" JA1070–JA1071.

4. At no point did Defendants seek a stay of the remedy pending appeal or assert any basis for such a stay.

5. On December 9, 2025, this Court held oral argument. Among other things, the Court raised questions as to how it should address the universal aspect of the injunction, which the parties agreed can no longer be affirmed on the grounds articulated by the district court, given the Supreme Court's decision in *Trump v. CASA*, No. 24A884.

6. Specifically, during the portion of the argument addressing the remedy, Judge Richardson asked Plaintiffs' counsel about whether the Court should stay what he described as the "illegal" aspects of the

3

district court's injunction after *CASA*—referring to the relief granted "to at least everybody except for the three named plaintiffs[.]" Oral Arg. at 38:24–38:44.  Counsel for Plaintiffs indicated that she "could not argue against" such a stay pending further proceedings on remand—explicitly referring to a stay of the injunction "except for the part that applies to the three . . . individual named Plaintiffs." Oral Arg. at 38:11–38:50; *see also* Oral Arg. at 40:55–41:20 (arguing that *CASA* supports, at most, a vacatur and remand, "not as to the three individuals," but as to the rest of the relief).

7. On rebuttal, counsel for Defendants did not disagree. Indeed, counsel for Defendants did not mention or ask for an award of interim relief at all. And as to the relief Defendants are seeking in this appeal, counsel simply repeated the position taken in the briefs: that if the Court were to "affirm on the merits," it should then "narrow the injunction," leaving in place the injunctive relief granted to "the three individual plaintiffs." Oral Arg. at 46:32–46:55; *accord* Dkt. 65 at 37 ("Thus, if this Court concludes that plaintiffs are entitled to relief, it should vacate the injunction insofar as it extends beyond the plaintiffs."); Dkt. 57 at 76 (same).

4

8. Shortly after the hearing, this Court entered an order that "stay[ed] enforcement of the injunction and judgment pending issuance of our decision on appeal." Dkt. 81. The order did not distinguish between the allegedly unlawful universal injunction and the more limited injunctive relief entered in favor of the individual Plaintiffs.

9. By staying every aspect of the district court's order, the Court—perhaps inadvertently—granted relief broader than what any party agreed to or asked for. This is not appropriate, particularly given the party presentation principle. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("'[I]n both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'") (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)); *cf. Clark v. Sweeney*, 607 U.S. —, 2025 WL 3260170, at *2 (Nov. 24, 2025) (reversing because the Fourth Circuit granted relief on a claim never asserted and not briefed). Defendants have never requested or articulated any basis for a stay of the injunction as to the individual Plaintiffs, nor is there anything in *Trump v. CASA* that justifies such relief. This Court should narrow its stay order to leave

the injunction as to the individual Plaintiffs in place pending final resolution of this appeal.

## CONCLUSION

For all these reasons, the Court should modify and narrow its December 9, 2025 order, so that its interim stay of broader relief does not disturb the injunction granted in favor of the three individual Plaintiffs. Pursuant to Local Rule 27(a), Plaintiffs have conferred with the Defendants prior to filing this motion. Defendants are opposed, and they anticipate filing a written response.

Respectfully submitted,

Dated: December 23, 2025

*/s/ Linda T. Coberly*

Scott A. Schoettes
sschoettes@gmail.com
Scott A. Schoettes, Esq.
275 Sandy Point Trail
Palm Springs, CA 92262
(773) 474-9250

Peter E. Perkowski
peter@perkowskilegal.com
Perkowski Legal, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
(213) 340-5796

Gregory R. Nevins

Linda T. Coberly
lcoberly@winston.com
Bryce Cooper
BCooper@winston.com
Winston & Strawn LLP
300 N. LaSalle Dr.
Chicago, IL 60654-3406
(312) 558-8768

Thanh D. Nguyen
TDNguyen@winston.com
Winston & Strawn LLP
2121 N. Pearl St. 9th Floor
Dallas, TX 75201
(214) 453-6500

gnevins@lambdalegal.org
Lambda Legal Defense &
Education Defense Fund, Inc.
1 West Court Square
Suite 640
Decatur, GA 30030
(404) 897-1880

Nicholas J. Hite
nhite@lambdalegal.org
Lambda Legal Defense &
Education Defense Fund, Inc.
500 Oak Lawn Avenue
Suite 500
Dallas, TX 75219
(214) 219-8585

Robert T. Vlasis, III
rvlasis@winston.com
Hannah M. Shankman
hshankman@winston.com
Winston & Strawn LLP
1901 L. Street NW
Washington, DC 20036
(202) 282-5644

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(a) as it contains 987 words, excluding those portions exempted by Rule 32(f). I certify that the motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) as it is prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

Dated: December 23, 2025                    */s/ Linda T. Coberly*
                                                            Linda T. Coberly