IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| |
|---|
| ISAIAH WILKINS, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> PETE HEGSETH, et al., <br><br> Defendants-Appellants. |

No. 24-2079

**RESPONSE TO MOTION TO
MODIFY ORDER STAYING INJUNCTION**

On December 9, this Court heard oral argument in this appeal, which addresses whether the military may bar from accession individuals with HIV controlled by medication, just as it bars individuals with numerous other health conditions that may be controlled by medication. At oral argument, plaintiffs acknowledged that the universal injunction entered by the district court is insupportably overbroad and did not dispute that a stay of the injunction as applied beyond the three individual plaintiffs in this suit would be appropriate. That same day, this Court granted a stay of the injunction in full, and plaintiffs now move to narrow the stay to leave

the injunction in place as to the three individual plaintiffs in this suit.

That motion should be denied. A stay assesses "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation omitted). All agree that these factors are satisfied insofar as the injunction here sweeps beyond the plaintiffs and was properly stayed to that extent, regardless of this Court's resolution of the underlying merits question presented in the appeal.

Because all agree that a stay is appropriate, the only question presented by plaintiffs' motion is whether this Court abused its discretion in tailoring the scope of the stay. But plaintiffs' motion does not articulate how the various equitable factors considered in granting a stay would be analyzed any differently for the individual plaintiffs. They do not, for example, identify any injury they suffer from a stay, which by definition will last only until final resolution of the appeal by this Court. Their motion is entirely silent on efforts any individual

plaintiff has made to join the military during the nearly 16 months that the injunction was in effect between August 20, 2024, and this Court's issuance of a stay on December 9, 2025, and is similarly silent about any concrete plans to join the military in the immediate future that might be affected by the existing stay. And on the other side of the ledger, the military suffers harm each time it is required by court order to accept individuals who do not qualify for accession under its policies.

The only meaningful way in which the stay calculus differs for the individual plaintiffs is that consideration of whether the government "is likely to succeed on the merits," *Nken*, 556 U.S. at 534, turns on the validity of the accession policy rather than the availability of a universal injunction as a remedy. For the reasons articulated in the briefing and at oral argument, the government is likely to succeed on the merits, and this Court is now poised to determine which party will actually succeed on the merits. That posture also renders plaintiffs' invocation of the "party presentation principle," Mot. 5, beside the point. Given that the central merits question is fully briefed and before this Court to decide, this is hardly a circumstance in which an issue was "never asserted and not briefed," Mot. 5, or in which a court has injected

3

a wholly new theory of the case into an appeal, *United States v. Sineneng-Smith*, 590 U.S. 371, 378-80 (2020).

Thus, under these circumstances—where all agree that a stay is appropriate in some form, the panel is poised to decide the central merits question after receiving full briefing and hearing oral argument, and plaintiffs have articulated no harm from the existing stay— plaintiffs present no sound reason why this Court should revisit the scope of the stay order to leave the injunction in place as to the individual plaintiffs.

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Brad Hinshelwood*
BRAD HINSHELWOOD
*Attorneys, Appellate Staff*
 *Civil Division, Room 7256*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 (202) 514-7823

December 30, 2025

4

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with Federal Rule of Appellate Procedure 27(d)(2)(a) as it contains 648 words, excluding those portions exempted by Rule 32(f). I certify that the motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) as it is prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

*/s/ Brad Hinshelwood*
BRAD HINSHELWOOD