IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

ISAIAH WILKINS, et al.,

Plaintiffs-Appellees,

v.

PETE HEGSETH, et al.,

Defendants-Appellants.

No. 24-2079

**NOTICE REGARDING STATUS OF INJUNCTION**

Defendants-appellants respectfully submit this notice regarding the district court's universal injunction after this Court's order granting rehearing en banc in this matter.

1. This appeal arises from an injunction entered by a district court barring "defendants from denying plaintiffs Wilkins, Coe, and Noe, and any other similarly situated asymptomatic HIV-positive individual with an undetectable viral load, accession in the United States military based on their HIV status" and "enjoining defendants from enforcing the HIV-specific provisions of their policies and regulations . . . barring asymptomatic HIV-positive individuals with undetectable viral loads from accession into the United States military."

JA1067; JA1070.

2.  On December 9, 2025, a panel of this Court heard oral argument in the appeal.  At oral argument, plaintiffs' counsel acknowledged that the district court's universal injunction was impermissibly overbroad after the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), and agreed that a stay of the injunction would be appropriate except as to the three individual plaintiffs in this case.  Audio of Oral Argument at 37:00-38:50.[1]  After oral argument, the panel issued an order staying the injunction in full. Doc. 81 (Dec. 9, 2025).

Plaintiffs subsequently sought to have the stay narrowed, such that the injunction would remain in effect as to the three individual plaintiffs.  Doc. 82 (Dec. 23, 2025).  In making that request, plaintiffs again acknowledged that "Plaintiffs' counsel agreed to a stay" of "universal injunctive relief extending beyond the three individual named Plaintiffs," and thus requested that the panel "stay only the broader relief and reinstate the relief granted to the three individual

---

[1] https://www.ca4.uscourts.gov/OAarchive/mp3/24-2079-20251209.mp3

Plaintiffs." *Id.* at 1-2; *see id.* at 3-4 (quoting counsel's statements at oral argument); *id.* at 6 (requesting same relief). The panel denied plaintiffs' motion. Doc. 85 (Jan. 6, 2026).

3. On February 18, 2026, the panel issued an opinion reversing the district court's judgment. Doc. 90. Subsequently, in response to a motion to clarify filed by plaintiffs, the panel issued an order stating that its stay remained in effect "under the order and decision of this court until the decision is vacated or reversed." Doc. 100 (Apr. 14, 2026).

4. On May 18, this Court granted plaintiffs' petition for rehearing en banc, setting the case for oral argument at the next available sitting. Doc. 106. The Court's order granting rehearing en banc did not address the status of the panel's stay or the district court's injunction, whether as applied to the individual plaintiffs or as to non-parties.

5. In an abundance of caution, the government respectfully submits this notice regarding its current posture with respect to the universal injunction issued by the district court. Given the panel's stay order, plaintiffs' repeated and express concessions that a stay of the injunction is appropriate beyond the three individual plaintiffs in this

case, and the absence of any contrary indication from the en banc Court, the government does not understand the universal injunction to be in effect as to non-parties. The government therefore intends to continue applying the accession policies at issue in this case to non-parties while the en banc proceedings continue.

Application of the injunction to the three individual plaintiffs appears to have no current practical significance. Since the district court issued its injunction in August of 2024, none of the individual plaintiffs has sought to join the military, and they have not indicated an interest in doing so since this Court's grant of rehearing en banc. Thus, although the government does not understand itself to be currently required to accept these individuals for accession, any questions concerning the status of the district court's injunction as to the individual plaintiffs could be resolved in the event an individual plaintiff actually seeks to join the military and is determined to be otherwise qualified for accession (*i.e.*, not barred from accession by some independent health condition or any other issue apart from HIV).

4

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Brad Hinshelwood*
BRAD HINSHELWOOD
*Attorneys, Appellate Staff*
*Civil Division, Room 7256*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 514-7823

May 27, 2026