IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

ISAIAH WILKINS, et al.,

Plaintiffs-Appellees,

v.

PETE HEGSETH, et al.,

Defendants-Appellants.

No. 24-2079

## MOTION FOR PARTIAL STAY PENDING APPEAL

Defendants-appellants respectfully ask the Court to reinstitute the panel's prior stay of the universal injunction on appeal in this case to the extent the injunction applies beyond the three individual plaintiffs in this suit—relief that plaintiffs' counsel agreed was appropriate at oral argument. Plaintiffs have informed us that they oppose this motion and intend to file a response.

## BACKGROUND

This case involves a challenge to the U.S. military's policies providing that individuals with Human Immunodeficiency Virus (HIV) are not eligible for accession into the military. The district court held that the military's policies were unconstitutional under rational basis

review and, among other relief, entered a universal injunction barring "defendants from denying [the three named] plaintiffs … and any other similarly situated asymptomatic HIV-positive individual with an undetectable viral load, accession in the United States military based on their HIV status" and "enjoining defendants from enforcing the HIV-specific provisions of their policies and regulations . . . barring asymptomatic HIV-positive individuals with undetectable viral loads from accession into the United States military." JA1067; JA1070.

On December 9, 2025, a panel of this Court heard oral argument in the appeal. At oral argument, plaintiffs' counsel acknowledged that the district court's universal injunction was impermissibly overbroad after the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), and agreed that a stay of the injunction would be appropriate except as to the three individual plaintiffs in this case. Audio of Oral Argument at 37:00-38:50.[1] After oral argument, the panel issued an order staying the injunction in full. Doc. 81 (Dec. 9, 2025).

Plaintiffs subsequently sought to have the stay narrowed, such

---

[1] https://www.ca4.uscourts.gov/OAarchive/mp3/24-2079-20251209.mp3

that the injunction would remain in effect as to the three individual plaintiffs. Doc. 82 (Dec. 23, 2025). In making that request, plaintiffs again acknowledged that "Plaintiffs' counsel agreed to a stay" of "universal injunctive relief extending beyond the three individual named Plaintiffs," and thus requested that the panel "stay only the broader relief and reinstate the relief granted to the three individual Plaintiffs." *Id.* at 1-2; *see id.* at 3-4 (quoting counsel's statements at oral argument); *id.* at 6 (requesting same relief). The panel denied plaintiffs' motion. Doc. 85 (Jan. 6, 2026).

On February 18, 2026, the panel issued an opinion reversing the district court's judgment. Doc. 90. Subsequently, in response to a motion to clarify filed by plaintiffs, the panel issued an order stating that its stay remained in effect "under the order and decision of this court until the decision is vacated or reversed." Doc. 100 (Apr. 14, 2026).

On May 18, this Court granted plaintiffs' petition for rehearing en banc, setting the case for oral argument at the next available sitting. Doc. 106. The Court's order granting rehearing en banc did not address the status of the panel's stay or the district court's injunction, whether

3

as applied to the individual plaintiffs or as to non-parties. On May 27, the government filed a notice indicating that it understood the panel's stay to remain in effect. Doc. 109. On June 2, the Court issued an order clarifying the status of the stay, stating "that the panel stay of the district court's injunction remained in effect only until the grant of en banc review on May 18, 2026." Doc. 110, at 2.

## ARGUMENT

A court considering whether to grant a stay pending appeal considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation omitted). All of those factors are met here as to the universal sweep of the district court's injunction—a point plaintiffs expressly conceded at oral argument and in their motion to modify the stay to allow the injunction to remain in effect with respect to the three individual plaintiffs.

1. As to the merits, after the district court's decision here, the

4

Supreme Court explained that a district court's remedial power under the Judiciary Act is limited to granting relief to the parties before the court. *Trump v. CASA, Inc.*, 606 U.S. 831, 856 (2025). Universal injunctions—which "prohibit enforcement of a law or policy against anyone"—exceed this authorization, and *CASA* makes clear that "federal courts lack authority to issue" them. *Id.* at 837, 856. Instead, "courts generally 'may administer complete relief between the parties.'" *Id.* at 851 (citation omitted). As this Court has recognized after *CASA*, "the universal injunction ... falls outside the bounds of a federal court's equitable authority," and "at least without special statutory authorization, the federal courts have no power to impose them." *Chamber of Commerce of the United States of America v. Lierman*, 151 F.4th 530, 543 (4th Cir. 2025) (quoting *CASA*, 606 U.S. at 847).

That principle applies straightforwardly here. The three individual plaintiffs challenged the policies at issue here because those policies prevent them from joining the military. Relief that bars application of the challenged policies to those individuals would thus completely remedy their injuries; "extending the injunction to cover everyone similarly situated would not render [their] relief any more

5

complete." *CASA*, 606 U.S. at 834.

Plaintiffs thus correctly acknowledged at oral argument and thereafter that the district court's universal injunction cannot be squared with *CASA*, stating in a post-argument motion that "the parties agreed" at oral argument that the universal injunction "can no longer be affirmed on the grounds articulated by the district court, given the Supreme Court's decision in *Trump v. CASA*, No. 24A884." Doc. 82 at 3; *see* Audio of Oral Argument at 37:00-38:50.

2. The remaining *Nken* factors are also met. At the outset, the individual plaintiffs themselves face no harm from a stay of the injunction as applied to nonparties. That aspect of the injunction does nothing to remedy any injury to the individual plaintiffs. And plaintiffs recognized as much in accepting that a stay would be appropriate as to non-parties.[2]

On the other side of the ledger, *CASA* makes clear that a

---

[2] As explained in our notice, Doc. 109 at 4, the individual plaintiffs in this case have not expressed an interest in joining the military since the district court's injunction was entered, including in the period since the grant of rehearing en banc. Should that change, the government may seek to reinstitute the panel's stay as to the individual plaintiffs, but consideration of application of that aspect of the injunction is not presently necessary.

universal injunction by itself works irreparable harm on the government, regardless of whether the underlying policy being challenged is lawful. "When a federal court enters a universal injunction against the Government, it 'improper[ly] intru[des]' on 'a coordinate branch of the Government' and prevents the Government from enforcing its policies against nonparties," which is "enough to justify interim relief." *CASA*, 606 U.S. at 859 (quoting *INS v. Legalization Assistance Project of L.A. Cty. Fed'n of Labor*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers)). That alone suffices to demonstrate irreparable harm warranting a renewal of the panel's stay as applied beyond the three individual plaintiffs.

Moreover, applying the injunction universally would disrupt the military's expansive recruitment and accession operations. After the panel's grant of a stay, the military resumed applying its HIV-related accession policies. Ceasing application of those policies while the en banc Court considers this case would impose an unnecessary and wholly improper burden on the military's operations, particularly where plaintiffs here have repeatedly acknowledged that there is no legal basis for the universal sweep of the injunction.

7

## CONCLUSION

For the foregoing reasons, this Court should enter an order reinstituting the panel's prior stay of the universal injunction on appeal in this case to the extent the injunction applies beyond the three individual plaintiffs in this suit.

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Brad Hinshelwood*
BRAD HINSHELWOOD
*Attorneys, Appellate Staff*
*Civil Division, Room 7256*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 514-7823

June 3, 2026

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(a) as it contains 1,322 words, excluding those portions exempted by Rule 32(f).  I certify that the motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) as it is prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

*/s/ Brad Hinshelwood*
BRAD HINSHELWOOD