IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

ISAIAH WILKINS, et al.,

Plaintiffs-Appellees,

v.

No. 24-2079

PETE HEGSETH, et al.,

Defendants-Appellants.

**REPLY IN SUPPORT OF MOTION FOR
PARTIAL STAY PENDING APPEAL**

Plaintiffs-appellees' response identifies no basis to refuse the

government's request to reinstitute the panel's prior stay in this case to

the extent it applies beyond the three individual plaintiffs.  They have

no persuasive explanation for how the district court's universal

injunction could possibly be sustained after *Trump v. CASA, Inc.*, 606

U.S. 831 (2025).  They do not attempt to identify any harm that would

flow to the individual plaintiffs from a stay of the universal injunction

as it applies beyond those individuals, much less address the

substantial harms that the imposition of such an injunction inflicts on

the government.  And plaintiffs' procedural objections misunderstand

the posture here: the present question is what state of affairs should prevail while this Court considers the case en banc given the panel's prior stay order and plaintiffs' acquiescence to a stay beyond the individual plaintiffs.  Plaintiffs had it correct when they previously "agreed to a stay of that broader relief."  Doc. 82 at 2.

## ARGUMENT

1.  Plaintiffs articulate no viable basis on which the injunction here could be sustained after *CASA*, and the arguments they do advance are largely foreclosed by that decision.  They first suggest (Resp. 8-9) that the government's "likelihood of success on the merits" should be measured by the merits of their underlying challenge to the military's HIV accession policies.  But as even plaintiffs appear to recognize (Resp. 9), the Supreme Court rejected that approach in *CASA*, which considered and granted a stay solely as to the scope of relief, without regard to the strength of the particular plaintiffs' claims on the merits.  *See CASA*, 606 U.S. at 860 (rejecting argument "that a stay applicant cannot demonstrate irreparable harm from a threshold error without also showing that, at the end of the day, it will prevail on the underlying merits"); *see also Labrador v. Poe*, 144 S. Ct. 921 (2024)

2

(granting stay as applied beyond the plaintiffs).

The two substitute rationales for the injunction plaintiffs now attempt to offer are plainly inadequate. They first suggest that a universal injunction would be appropriate "to effectuate complete relief for plaintiff Minority Veterans Association and its members." Resp. 10. That argument fails in multiple respects. To begin, that is the very basis on which the district court in *CASA* imposed a universal injunction, *see CASA, Inc. v. Trump*, 763 F. Supp. 3d 723, 746 (D. Md. 2025) ("Because ASAP's members reside in every state and hundreds of them expect to give birth soon, a nationwide injunction is the only way 'to provide complete relief' to them"), which the Supreme Court stayed, *see CASA*, 606 U.S. at 861; *see id.* at 865 (Thomas, J., concurring) (noting that Court "readily dispatche[d]" with argument that "a 'plaintiff-specific injunction' would be difficult to administer and would subject the associations' members to the burden of having 'to identify and disclose to the government' their membership"). There is similarly no need to grant injunctive relief reaching every person in the United States to redress potential injuries to MVA members. MVA claimed approximately 3,000 members nationwide at the time this suit was

3

filed, but has never sought to identify any members (beyond the individual plaintiffs) with standing. And in any event, MVA's own description of its membership makes clear that many of its members are entirely unaffected by the challenged policies here, as its membership includes current servicemembers, "family members and caregivers of veterans," and "nonmilitary individuals," only some of whom "want to join or rejoin the Armed Forces." JA857-858. Plaintiffs thus cannot possibly demonstrate that MVA's presence makes universal injunctive relief "necessary to provide complete relief to each plaintiff with standing to sue." *CASA*, 606 U.S. at 861.

Alternatively, plaintiffs contend that the district court could "vacate" the challenged military policies under the Administrative Procedure Act, which plaintiffs apparently believe would confer universal relief. Resp. 10. Even aside from serious questions about the availability and scope of that relief in general or in this case,[1] *CASA* makes clear that an injunction and vacatur are distinct remedies. *See*

---

[1] As discussed in our reply brief (at 30-33), plaintiffs did not request, and the district court did not purport to enter, a universal vacatur, JA42-43, JA1070, and the government's position is that the APA does not authorize such relief.

4

606 U.S. at 847 n.10. Most crucially for present purposes, a permanent injunction (unlike a vacatur) may be enforced through contempt proceedings, *id.* at 851 n.11, and a vacatur (unlike a permanent injunction) would leave the military free to "deal with the problem afresh by taking *new* agency action" to institute a new policy, *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21 (2020) (quotation omitted). Thus, regardless of whether plaintiffs might be able to obtain a universal vacatur, that cannot provide a basis for leaving the government subject to the threat of contempt under a universal injunction extending beyond the individual plaintiffs here.

2. Plaintiffs nowhere address *CASA*'s clear statement that the government suffers irreparable harm sufficient to justify "interim relief" when a court "enters a universal injunction against the Government," because such an injunction "improperly intrudes on a coordinate branch of the Government and prevents the Government from enforcing its policies against nonparties." 606 U.S. at 859 (quotations and alterations omitted). Nor do they address the harm the government identified (Mot. 7) from the whiplash created by the dissolution of the panel's stay, under which the military had operated in all its

recruitment and accession operations for over five months. And they offer no countervailing harm whatsoever that would befall the individual plaintiffs here from reinstituting the panel's stay as applied beyond those plaintiffs. That is no surprise: such universal relief is patently unnecessary to remedy any injury to those plaintiffs. *See CASA*, 606 U.S. at 853. Moreover, plaintiffs never identified such harm in agreeing that a stay would be appropriate as applied beyond those plaintiffs. *See, e.g.*, Doc. 82 at 1-2.

The equitable balancing here thus is not close: the government offers both a harm expressly recognized by the Supreme Court as "enough to justify interim relief," *CASA*, 606 U.S. at 859, and new harm from this Court's dissolution of the panel stay, while plaintiffs offer nothing at all on the other side of the scale. And the equitable balance is especially lopsided given plaintiffs' repeated and express acknowledgement that they had no basis to object to a stay of the injunction as applied beyond the individual plaintiffs. *See* Doc. 82 at 1-2; *see id.* at 3-4 (quoting plaintiffs' counsel's oral argument statements).

3. Instead of grappling directly with *CASA* or showing any harm from reinstituting the panel's stay in part, plaintiffs offer a series of

6

deflections that fundamentally misunderstand the posture of this motion and attempt to retreat from their prior statements.

Plaintiffs' arguments largely ignore the posture of this motion. A panel of this Court imposed a stay after expressly asking for plaintiffs' position at oral argument and being told that plaintiffs "could not argue against" a stay as applied beyond the three individual plaintiffs. Doc. 82 at 4 (quoting Oral Arg. at 38:11–38:50). A stay pending appeal would ordinarily extend for the duration of the appeal, including any en banc proceedings. *See, e.g.*, Charles Alan Wright et al., *Federal Practice & Procedure* § 3954 (5th ed. Apr. 2026 update) ("Ordinarily a stay issued pursuant to Appellate Rule 8(a) dissolves automatically upon resolution of the appeal."). Here, however, the Court has made clear that its order granting rehearing en banc had the effect of terminating the panel's stay, Doc. 110, and the government sought to reinstitute the panel's stay in part the next day, Doc. 111.

The motion here thus asks the Court only to follow the ordinary course with respect to a stay pending appeal during the en banc proceedings, and only as to a part of the injunction that plaintiffs did not dispute would be appropriately stayed. The only reason that

7

question has arisen now is because of the effect of the Court's order granting rehearing en banc.  The en banc Court is the appropriate forum to address a stay that a panel of this Court issued, based in part on representations made to a panel of this Court by plaintiffs' counsel, that dissolved only because of an order of the en banc Court that did not itself consider or address the stay.

Plaintiffs acknowledge that granting a stay "was an option available to the panel," Resp. 5, but apparently believe that this Court could not properly consider whether to reinstitute the panel's stay without the government first presenting that question to the district court, Resp. 4-6.  But given that the universal injunction currently has force only because of the Court's order granting rehearing en banc, there is no sound basis for delaying this Court's consideration of the appropriateness of reinstituting the panel's stay in part.

Similarly, plaintiffs' arguments about the government's purported delay in seeking relief (Resp. 11-14) ignore that context.  The status quo for over five months from the issuance of the panel's stay was that the government was allowed to implement its policies as to non-parties.  That is the state of affairs dictated by *CASA* and acceded to by plaintiffs

at oral argument.  The question now is whether that stay should persist in relevant part through the duration of the en banc proceedings.  And on that question there can be no allegation of delay: the government sought relief the day after this Court made clear that its en banc order had terminated the stay.

Moreover, even taking plaintiffs' assertions of delay at face value would not justify denying reinstatement of the panel's stay in part. Although delay may vitiate a party's showing of irreparable harm in some circumstances, the government has not delayed in any way that eliminates either the harm identified in *CASA* itself or the fresh harm created by dissolving the panel's stay and re-imposing a universal injunction that cannot be squared with *CASA*.  Nor have plaintiffs shown any prejudice from that asserted delay; they do not claim any prejudice in their response here, and likewise identified none at oral argument or thereafter.

Indeed, had plaintiffs believed that delay made a partial stay inappropriate, the time to raise that objection would have been when asked about the issue at oral argument.  The same is true of all of the objections plaintiffs now raise.  But they did not raise that objection or

9

any other, instead stating that they "could not argue against" such a stay. Doc. 82 at 4 (quoting Oral Arg. at 38:11–38:50); *see id.* at 2 (stating that plaintiffs "agreed to a stay of that broader relief"). Plaintiffs apparently believe their statements should not be taken seriously because they believed that the panel "was highly unlikely to affirm on the merits," such that their statement at argument reflected "acceptance of what was coming." Resp. 15. That is nonsensical. Whether a party will prevail on the merits is only part of the stay calculus, and plaintiffs could have raised objections to a stay premised on delay, lack of irreparable harm, or any other basis. Plaintiffs' statements speak for themselves, and they illustrate that it would be fundamentally inequitable not to reinstitute the aspect of the panel's stay of the injunction that plaintiffs "agreed to" and "could not argue against," Doc. 82 at 2, 4, while this Court rehears the case en banc.

10

## CONCLUSION

For the foregoing reasons, this Court should enter an order reinstituting the panel's prior stay of the universal injunction on appeal in this case to the extent the injunction applies beyond the three individual plaintiffs in this suit.

Respectfully submitted,

CHARLES W. SCARBOROUGH

/s/ Brad Hinshelwood
BRAD HINSHELWOOD
*Attorneys, Appellate Staff*
*Civil Division, Room 7256*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-7823*

June 15, 2026

11

## CERTIFICATE OF COMPLIANCE

I certify that this reply complies with Federal Rule of Appellate Procedure 27(d)(2)(C) as it contains 1,937 words, excluding those portions exempted by Rule 32(f).  I certify that the motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) as it is prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

*/s/ Brad Hinshelwood*
BRAD HINSHELWOOD