FILED:  June 25, 2026

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-2079**
**(1:22-cv-01272-LMB-IDD)**

———————————

ISAIAH WILKINS; CAROL COE; NATALIE NOE; MINORITY VETERANS OF AMERICA,

        Plaintiffs – Appellees,

v.

PETE HEGSETH, in his official capacity as Secretary of Defense; DANIEL DRISCOLL, in his official capacity as Secretary of the Army,

        Defendants – Appellants.

------------------------------

CENTER FOR HIV LAW AND POLICY; NATIONAL ALLIANCE OF STATE & TERRITORIAL AIDS DIRECTORS; AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA; WHITMAN-WALKER CLINIC, INC.; COMMUNITY RESOURCE INITIATIVE; SERO PROJECT; INSTITUTE FOR JUSTICE,

        Amici Supporting Appellees.

———————————

O R D E R

———————————

Upon consideration of submissions relative to appellants' motion for partial stay pending appeal, the court grants the motion.  Chief Judge Diaz, Judge Wilkinson, Judge

Niemeyer, Judge Agee, Judge Wynn, Judge Harris, Judge Richardson, Judge Quattlebaum, Judge Rushing, Judge Heytens, and Judge Berner voted to grant the motion. Judge King, Judge Gregory, Judge Thacker, and Judge Benjamin voted to deny the motion.

The court further denies appellees' request for reimbursement of the transcript cost.

Judge King, with whom Judges Gregory, Thacker, and Benjamin join, wrote a dissent from the award of stay relief.

For the Court

/s/ Nwamaka Anowi, Clerk

KING, Circuit Judge, with whom Judges GREGORY, THACKER, and BENJAMIN join, dissenting from the award of stay relief:

It is well-established that a federal court of appeals should not award extraordinary interim stay relief — in this situation, a partial stay pending appeal of the district court's challenged August 2024 permanent injunction (hereinafter the "challenged permanent injunction") — unless the moving party (here, the government) has satisfied the requisite standard for obtaining such relief. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (recognizing that party requesting stay bears burden of showing that circumstances justify exercise of that discretion); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). That is so because "[a] stay is *not* a matter of right, even if irreparable injury might otherwise result." *See Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926) (emphasis added).

Concomitantly, the Federal Rules of Appellate Procedure — which govern the fair, just, and orderly disposition of appeals — provide the precise sequencing that a party must abide in order to obtain a stay of a federal court ruling pending appeal. In that respect, Rule 8(a)(1) explicitly states that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." *See* Fed. R. App. P. 8(a)(1). Otherwise, such a motion for stay relief can be made — in the first instance — in a court of appeals, but only if the motion "show[s] that moving first in the district court would be impracticable," or if the motion "state[s] that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action." *See* Fed. R. App. P. 8(a)(2)(A)(i)-(ii).

3

In this light, to obtain a partial stay of the challenged permanent injunction, the government was obliged to demonstrate the following: (1) that it "made a strong showing that [it] is likely to succeed on the merits"; (2) that the government will be "irreparably injured absent a stay"; (3) that "the issuance of the stay will [not] substantially injure the other parties interested in the proceeding"; and (4) that the "public interest lies" in favor of the stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Notably, the Supreme Court has recognized that all four of the *Nken* factors — including, of especial relevance here, the "irreparable harm" factor — must be satisfied for an award of stay relief to issue by an appeals court. *See, e.g.*, *Trump v. CASA*, 606 U.S. 831, 859 (2025) (specifying that "the [g]overnment must show a likelihood that it will suffer irreparable harm absent a stay"); *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 64 (D.C. Cir. 2024).

Has the government satisfied the applicable *Nken* standard to obtain from our en banc Court a partial stay of the district court's challenged permanent injunction pending appeal? Hardly so, given the government's troubling and problematic litigation conduct, which belies any newfound claim of "irreparable harm" to the government stemming from the challenged permanent injunction.[1] That notwithstanding, our en banc Court is now

---

[1] Because I am readily of opinion that the government has failed to demonstrate any semblance of "irreparable harm," there is no need to assess whether the government is otherwise likely to succeed on the merits of its claim that the district court's challenged permanent injunction is impermissibly overbroad in light of the Supreme Court's 2025 decision in *Trump v. CASA*. *See, e.g.*, *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921, 929 (2024) (Kavanaugh, J., concurring) (recognizing that "[i]f the moving party has not demonstrated irreparable harm, then this Court can avoid delving into the merits"); *accord Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (emphasizing that "threshold showing" of irreparable harm is necessary "regardless of the petitioner's proof regarding (Continued)

content to excuse the government's deliberate behavior and do exactly what the Supreme Court has repeatedly said we cannot — specifically, award interim and extraordinary stay relief to a party that is simply not deserving of it.  Because I would deny the government's motion for a partial stay of the district court's challenged permanent injunction of August 2024, I respectfully dissent from our Court's improvident issuance of such relief.

I.

A.

To more fully understand why stay relief is not at all warranted here, some table-setting is warranted.  In November 2022, four plaintiffs — that is, three individuals named Isaiah Wilkins, Carol Coe, and Natalie Noe, and an organization called Minority Veterans of America (collectively the "plaintiffs") — brought this lawsuit in the Eastern District of Virginia challenging the legality of the government's policies that deny induction into the military service of persons infected with HIV.  Eventually, in August 2024, the very able and seasoned district judge permanently enjoined the government "from denying [the] plaintiffs . . . and any other similarly situated asymptomatic HIV-positive individual with an undetectable viral load, accession into the United States military based on their HIV status," or from "enforcing the HIV-specific provisions of their policies and regulations barring asymptomatic HIV-positive individuals with undetectable viral loads from

---

the other stay factors"); *Transcon. Gas Pipe Line Co., LLC v. Pa. Env't Hearing Bd.*, 108 F.4th 144, 151 (3d Cir. 2024) (explaining that "if there is . . . an absence of an irreparable harm, then an analysis of the remaining considerations [under *Nken*] is unnecessary").

accession, i.e., enlistment, appointment, or induction, into the United States military." *See Wilkins v. Austin*, No. 1:22-cv-1272, at 1-2 (E.D. Va. Aug. 20, 2024), ECF No. 160.

Just short of two months later, on October 18, 2024, the government noticed this appeal, seeking to challenge, inter alia, the district court's challenged permanent injunction. Strikingly, the government failed to first move in the district court for a stay of the challenged permanent injunction pending appeal. *Cf.* Fed. R. App. P. 8(a)(1) (recognizing that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal"). Nor, for that matter, did the government ever move in our Court for a stay of the challenged permanent injunction pending the appeal.[2]

Rather, some 14 months later, by Order of December 9, 2025, a three-judge panel of our Court — acting on its own initiative (i.e., *sua sponte*), and otherwise without presentation of a proper motion either in the district court or the court of appeals — summarily "stay[ed] enforcement of the [challenged permanent] injunction and judgment pending issuance of [the panel's] decision[.]" *See Wilkins v. Hegseth*, No. 24-2079, at 2 (4th Cir. Dec. 9, 2025), ECF No. 81.[3] In effect, between the time the district court issued the challenged permanent injunction in August 2024, and the point at which the panel

---

[2] One could readily assume that the government failed to initially pursue stay relief in the district court, or in this Court, because the law was against its position. That is, the Supreme Court had yet to disapprove of universal nationwide injunctions, and our Court's precedent — relative to the underlying merits of the plaintiffs' claims — was also squarely against the government. *See, e.g.*, *Roe v. Dep't of Def.*, 947 F.3d 207 (4th Cir. 2020).

[3] The three-judge panel heard oral argument on the morning of December 9, 2025. Its Order staying the challenged permanent injunction issued that afternoon.

6

afforded stay relief to the government in December 2025, 476 days had elapsed without the government moving to assert its right to a stay of the challenged permanent injunction.

Shortly thereafter, in February 2026, the panel issued its decision, which reversed, inter alia, the district court's challenged permanent injunction on the merits. *See Wilkins v. Hegseth*, 167 F.4th 237 (4th Cir. 2026). On April 10, 2026, the plaintiffs filed a motion in our Court seeking to clarify the panel's "*sua sponte* . . . comprehensive stay" of the challenged permanent injunction, which relief the government "did not seek and was not argued in either the district court or this Court." *See Wilkins v. Hegseth*, No. 24-2079, at 1 (4th Cir. Apr. 10, 2026), ECF No. 99. Four days later, the panel advised the parties that "the stay in this case continues . . . until [either] the decision is vacated or reversed." *See Wilkins v. Hegseth*, No. 24-2079, at 1 (4th Cir. Apr. 14, 2026), ECF No. 100.

By Order of May 18, 2026, our Court granted the plaintiffs' petition for rehearing en banc, *see Wilkins v. Hegseth*, No. 24-2079 (4th Cir. May 18, 2026), ECF No. 106, which vacated the three-judge panel's earlier decision of February 2026, *see, e.g.*, 4th Cir. L. R. 40(e) (recognizing that "[g]ranting of rehearing en banc vacates the previous panel judgment and opinion," such that "the rehearing is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel"); *Kaplan v. Hirsh*, 765 F.2d 421, 422 (4th Cir. 1982) (recognizing that "the panel majority opinion had, in all events, already been vacated, as a consequence of the vote by a majority of the members of the Court in active service in favor of rehearing en banc" (citation modified)).

7

B.

Earlier this month, and against this backdrop, the government — for the first time in this litigation — filed a motion in our Court seeking a partial stay of the district court's challenged permanent injunction pending appeal. *See Wilkins v. Hegseth*, No. 24-2079 (4th Cir. June 3, 2026), ECF No. 116 (the "Partial Stay Motion"). Therein, the government asked our en banc Court to "reinstitute the panel's prior stay of the universal injunction on appeal in this case to the extent the injunction applies beyond the three individual plaintiffs in this suit[.]" *Id.* at 1. Relying on the Supreme Court's June 2025 decision in *Trump v. CASA*, 606 U.S. 831 (2025), the government first claimed that it was likely to succeed on the merits because the challenged permanent injunction sweeps more broadly that the "remedial power [afforded to the district court] under the Judiciary Act." *Id.* at 4. As to "irreparable harm," the government asserted that the challenged permanent injunction's "universal" nature "by itself works irreparable harm on the government, regardless of whether the underlying policy being challenged is lawful." *Id.* at 7.

Notably, in its 9-page submission to our Court, the government did not attempt to explain its inordinate, excessive delay in seeking stay relief from the challenged permanent injunction, nor did the government enlighten us as to why it failed to first move for such relief in the district court, as mandated by Federal Rule of Appellate Procedure 8(a).

8

II.

Put simply, the government is playing games!  There is no reason to afford the government any stay relief in these circumstances, and I will explain why that is so.

A.

First and foremost, the government has yet to offer any semblance of an explanation as to why our en banc Court should forgive its inexplicable failure to first move for a stay of the challenged permanent injunction in the district court, pursuant to Rule 8(a).  That Rule provides, in no uncertain terms, that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."  *See* Fed. R. App. P. 8(a)(1); *see also, e.g.*, *Wudi Indus. (Shanghai) Co., Ltd. v. Wong*, No. 22-1495, 2022 WL 1547025, at *2 (4th Cir. May 13, 2022) (King, J., separate statement) (recognizing applicability of Rule 8(a)).  Again, no such motion was ever tendered to the district court, and I am yet searching for an explanation from the government as to why its non-compliance with Rule 8(a) should be forgiven or excused by our en banc Court.[4]

B.

Second, the government's conduct in these proceedings undermines — if not fully vitiates — any newfound tardy claim by the government of "irreparable harm."  To reiterate

---

[4] The underlying purpose of Rule 8(a) makes good sense:  Motions for stay relief must ordinarily be pursued first in the appropriate district court, given that the appeals courts — as we consistently say — are "courts of review, not of first view."  *See Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005); *Brunenkant v. Suburban Hosp., Inc.*, 176 F.4th 329, 335 (4th Cir. 2026); *Pub. Int. Legal Found., Inc. v. Wooten*, 164 F.4th 362, 366 (4th Cir. 2026); *Tederick v. LoanCare, LLC*, 168 F.4th 154, 173 (4th Cir. 2026); *United States v. Avila*, 134 F.4th 244, 248 (4th Cir. 2025); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 252 (4th Cir. 2025); *Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 243 (4th Cir. 2020).

once more, after the district court imposed its challenged permanent injunction in August 2024, the government did *nothing* in the two months leading up to the filing of its Notice of Appeal, nor in the 14 months that followed. And even after the Supreme Court issued its decision on June 27, 2025, in *Trump v. CASA*, 606 U.S. 831 (2025) — the principal case on which the government now tethers its likelihood-of-success-on-the-merits argument in favor of stay relief — the government also did *nothing* and failed to seek a stay in either court.[5] Despite those various and several failures to assert its rights, the government was then "saved" by the three-judge panel's decision to *sua sponte* award stay relief.[6]

The foregoing chain of events do not paint a picture of a party that is truly facing "irreparable harm," absent a stay pending appeal. Rather, as the plaintiffs persuasively maintain in their response in opposition to the government's Partial Stay Motion:

---

[5] I acknowledge the Supreme Court's recognition in *Trump v. CASA, Inc.*, that, when a federal court "improperly intrudes" on "a coordinate branch of the [g]overnment and prevents the [g]overnment from enforcing its policies against nonparties" — i.e., by "enter[ing] a universal injunction against the [g]overnment" — that could be "enough to justify interim relief." *See* 606 U.S. at 859 (citation modified). But critically, nowhere in the *CASA* decision did the Supreme Court abrogate the settled principle that a party's litigation conduct can nevertheless undermine a claim of "irreparable harm," especially when — as is clearly the case here — a party sits on its rights and does *nothing*.

[6] The three-judge panel's unusual decision to award extraordinary stay relief — on its own initiative, and absent a request from the government for such relief, either in the district court or in this Court — is problematic in its own right. As the Supreme Court has emphasized, "[i]n our adversarial system of adjudication, we follow the principle of party presentation," in which litigants "frame the issues for decision," and the court serves as a "neutral arbiter of matters the parties present" for review. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Simply put, "courts 'call balls and strikes'; [we] do not get a turn at bat." *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (citation modified)); *accord Margolin v. Nat'l Assoc. of Immigr. Judges*, 146 S. Ct. 1285, 1287 (2026) (recognizing, in ruling on decision from this Court, that "[f]ederal courts are not roving commissions licensed to sally forth each day looking for wrongs to right" (citation modified)).

> If the injunction inflicts the sort of irreparable harm the government asserts here, that harm also existed in August 2024, in July and August 2025, and throughout the many months that followed. [The government] nonetheless declined to seek relief from the injunction. They therefore cannot plausibly characterize the same alleged injury as suddenly urgent and irreparable[.]

*See Wilkins v. Hegseth*, No. 24-2079, at 17 (4th Cir. June 11, 2026), ECF No. 121 (citing *PFLAG, Inc. v. Trump*, No. 25-1279, 2026 WL 1429738, at *6 (4th Cir. 2026) (Benjamin, King, JJ., concurring) (concurring in denial of rehearing en banc and explaining that government's long delay and continued willing compliance with challenged preliminary injunction of universal nature vitiated tardy assertion of irreparable harm)); *see also, e.g.*, *Quince Orchard Valley Citizens Ass'n v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989) (recognizing that party's delay in seeking extraordinary interim relief from federal court of appeals "indicate[s] an absence of . . . irreparable harm"); *accord Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977) (Marshall, J., in chambers) (observing that "[t]he applicants' delay in filing their petition and seeking a stay vitiates much of the force of their allegations of irreparable harm"); *Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1318 (1983) (Blackmun, J., in chambers) (emphasizing that party's "failure to act with greater dispatch tends to blunt [a] claim of urgency and counsels against the grant of a stay").

At bottom, the government's unexplained and inordinate delay in seeking stay relief was unreasonable, and it was the government's own decision to sit on its rights. That alone is a sufficient ground to deny the partial stay relief being sought by the government from our en banc Court. *See, e.g.*, *Tough Traveler, Ltd. v. Outbound Products*, 60 F.3d 964, 968 (2d Cir. 1995); *Ng. v. Bd. of Regents of Univ. of Minn.*, 64 F.4th 992, 997-99 (8th Cir. 2023).

III.

Pursuant to the foregoing, the government has failed to make the requisite showing of "irreparable harm" necessary to secure an award of stay relief from our Court. *See CASA*, 606 U.S. at 859 (recognizing that "the [g]overnment must show a likelihood that it will suffer irreparable harm absent a stay"). On that basis, I would deny the relief sought by the government, without delving into the merits. *See, e.g.*, *Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921, 929 (2024) (Kavanaugh, J., concurring) ("If the moving party has not demonstrated irreparable harm, then this Court can avoid delving into the merits").

Because our en banc Court has ruled otherwise, I respectfully dissent.

\* \* \*

I am honored that Judge Gregory, Judge Thacker, and Judge Benjamin join in this dissenting opinion.