September 2, 2026

Clerk of Court Nwamaka Anowi
U.S. Circuit Court of Appeals for the Fourth Circuit
East Main Street, Suite 501
Richmond, Virginia 23219-3517

SUBJECT: Supplemental Authority in Appeal No. 24-2079

Clerk of Court Anowi:

In preparing for oral argument, Appellees' counsel discovered a significant update to an authority relied upon by Appellants. We write to advise the Court of this supplemental authority under Federal Rule of Appellate Procedure 28(j).

In their opening brief, Appellants cite the Centers for Disease Control and Prevention ("CDC") *Updated U.S. Public Health Service Guidelines for Management of Occupational Exposures to HIV and Recommendations for Postexposure Prophylaxis* (updated 9/25/13) (Dkt.70-1) (JA699) ("*2013 Guidelines*") at 11, stating "the CDC therefore recommends immediate post-exposure prophylactic (PEP) treatment for individuals exposed to the blood of an HIV-infected person via a percutaneous injury (*e.g.*, a needle stick or other skin-piercing)." Appellants Br. at 30.

Although "recommends" is not used here, Appellants presumably paraphrased this statement: "While the risk of transmission from an occupational exposure to a source patient with an undetectable viral load is thought to be very low, PEP should still be offered." *Guidelines* at 11.

On September 15, 2025, the CDC issued the *2025 US Public Health Service Guidelines for the Management of Occupational Exposures to Human Immunodeficiency Virus and Recommendations for Post-Exposure Prophylaxis in Healthcare Settings* (updated 9/15/25), stacks.cdc.gov/view/cdc/183609 ("*2025 Guidelines*") (attached). The section entitled "Exposure to a source patient with HIV infection and an undetectable plasma viral load" states: "It is uncertain if occupational exposure to a source patient with an undetectable viral load poses a risk of HIV transmission." *Id.* at 8.

After discussing a study in which less than half of the exposed health care providers (HCP) took PEP and only one seroconversion occurred after exposure to a patient with a *detectable* viral load, the *2025 Guidelines* discuss factors to consider in shared decision-making about whether to forego PEP after an exposure. *Id.* at 9. In this discussion, "route of inoculation" and the "size of inoculum" refer to the breach of the HCP's bodily integrity and amount of blood to which the HCP is exposed via that breach, not to the extent of injuries or blood loss for the source patient.

Counsel brought these material changes to the Court's attention as promptly as possible.

Sincerely,

/s/ Scott Schoettes

Scott A. Schoettes
SCOTT A. SCHOETTES, ESQ.
275 Sandy Point Trail
Palm Springs, CA 92262
(773) 474-9250
sschoettes@gmail.com

Peter E. Perkowski
PERKOWSKI LEGAL, PC
515 S. Flower St. Suite 1800
Los Angeles, CA 90071
213-340-5796
peter@perkowskilegal.com

*Counsel for Plaintiffs*